UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 3:00CV02008 (EBB). |
| | ) |
| 50 CASES OF WINE CONSISTING OF 574 | ) |
| BOTTLES VALUED AT APPROXIMATELY | ) |
| $52, 947.00 SEIZED FROM MOYER MANHATTAN | ) |
| STORAGE COMPANY, 2100 HUNTER'S POINT | ) |
| AVENUE, LONG ISLAND CITY, NEW YORK, | ) |
| HELD IN THE NAMES OF KAETHE | ) |
| SCHUCHTER/ALFREDO SAUSTI, | ) |
| | ) |
| Defendants. | ) |

## LOCAL RULE 56(A)(1) STATEMENT OF FACTS

Pursuant to Local Rule 56(a)(1), GEORGE DALE, Commissioner of Insurance for the State of Mississippi, in his official capacity as Receiver of Franklin Protective Life Insurance Company, Family Guaranty Life Insurance Company, and First National Life Insurance Company of America, PAULA A. FLOWERS, Commissioner of Commerce and Insurance for the State of Tennessee, in her official capacity as Receiver of Franklin American Life Insurance Company, DARYL ENGLAND, Acting Insurance Commissioner for the State of Oklahoma, in his official capacity as Assistant Receiver of Farmers and Ranchers Life Insurance Company in Liquidation, MIKE PICKENS, Insurance Commissioner for the State of Arkansas, in his official capacity as Receiver of Old Southwest Life Insurance Company, and DOUGLAS M. OMMEN, Acting Director of the Department of Insurance for the State of Missouri, in his official capacity as Receiver of International Financial Services Life Insurance Company (collectively, the "Receiver-Claimants") submit the following undisputed facts relevant to their motion for summary judgment filed simultaneously herewith.

1. Franklin American Life Insurance Company ("FAL"), Family Guaranty Life Insurance Company ("FGL"), Franklin Protective Life Insurance Company ("FPL"), Old Southwest Life Insurance Company ("OSL"), First National Life Insurance Company ("FNL"), Farmers and Ranchers Life Insurance Company ("F&RL"), and International Financial Services Life Insurance Company ("IFS") (collectively, the "Insurance Companies") were victims of an elaborate scheme designed to steal their funds for the personal use and benefit of those involved, including Martin Frankel ("Frankel") and numerous other individuals and entities. (Verified Complaint of Forfeiture, hereinafter "VC," ¶¶ 6, 30, 31, 36, 37; Answers of Receiver-Claimants).

2. Franklin American Corporation ("FAC") was an insurance holding company domiciled in Tennessee. It was purchased by the Thunor Trust in approximately October 1991. From that point forward until May 1999, FAC subsequently acquired and owned the following insurance companies: FAL, which was domiciled in Tennessee; FGL, which was domiciled in Mississippi; FPL, which was domiciled in Mississippi; and OSL, which was wholly owned by FAL and was domiciled in Arkansas. (Frankel Stipulation of Offense Conduct, hereinafter "FSOC" pp. 10-12, attached as Exhibit 1).

3. International Financial Corporation ("IFC") was a holding company incorporated in the State of Oklahoma with its principal place of business in Tennessee. IFC was formed and became a wholly owned and controlled subsidiary of the Thunor Trust in 1993. Thereafter, IFC, at various times, acquired and owned the following insurance companies: FNL, which was domiciled in Mississippi; F&RL, which was domiciled in Oklahoma; and IFS, which was domiciled in Missouri. (Ex. 1, FSOC pp. 10-12).

4. Through the use of the Thunor Trust, Martin Frankel obtained control of the Insurance Companies. After Frankel obtained control of the Insurance Companies, he had their

assets transferred to Liberty National Securities ("LNS"). LNS was a registered securities dealer with its principal place of business listed as Dundee, Michigan. Frankel had gained control of LNS and was operating it from his residence in Greenwich, Connecticut. (VC ¶¶ 32, 34).

5. Once the assets were sent to LNS, Frankel and his associates generated false monthly statements and other bogus documents and sent them to FAC, IFC, the Insurance Companies, their auditors, regulators, and others. The statements and information falsely represented that the assets invested were on account with LNS. Unbeknownst to the Insurance Companies, after Frankel received assets from the various insurance companies for investment at LNS, Frankel stole the funds by transferring them to other accounts controlled by Frankel, both inside and outside the United States. (VC ¶ 7; Ex. 1, FSOC pp. 10, 12-16, 18).

6. Once the Insurance Companies' funds were under his control at LNS, Frankel directed that the funds be transferred to Account No. 70026, held in the name of Bloomfield Investments, Ltd. (the "Bloomfield Account") at Banque SCS Alliance, in Geneva, Switzerland. Bloomfield was a corporation that Frankel owned and controlled for purposes of concealing and laundering assets from the Insurance Companies. Frankel controlled the Bloomfield Account and used it to pay bills and expenses associated with his illicit operation and for his personal use and the use of his associates. Numerous wire transfers were made from the Bloomfield Account to associates of Frankel. (VC ¶ 40; Ex. 1, FSOC p. 16).

7. All of the funds deposited into the Bloomfield Account were funds stolen by Frankel from the Insurance Companies. (VC ¶ 41; Ex. 1, FSOC p. 16).

8. The Insurance Companies had no knowledge that their money was being stolen and misused. (VC ¶ 36; Answers and Counterclaims of Receiver-Claimants).

9. When Frankel's illegal activities were discovered, the Commissioners and Directors of Insurance in the Insurance Companies' states of domicile immediately placed each of the Insurance Companies in receivership. (*See* Answers of Receivers, Third Affirmative Defense; Final Order of Liquidation and Finding of Insolvency in <u>Dale v. Family Guaranty Life Insurance Company</u>, Civil Action No. 699-909, Chancery Court of Hinds County, Mississippi attached as Ex. 2; Final Order of Liquidation and Finding of Insolvency in <u>Dale v. First National Life Insurance Company of America</u>, Civil Action No. 699-908, Chancery Court of Hinds County, Mississippi, attached as Ex. 3; Final Order of Liquidation and Finding of Insolvency in <u>Dale v. Franklin Protective Life Insurance Company</u>, Civil Action No. G-99-907, Chancery Court of Hinds County, Mississippi, attached as Ex. 4; Order Granting Receiver's Application for Order Declaring Insolvency, in <u>Fisher v. Farmers and Rancher's Life Insurance Company</u>, No. CV-99-3401-61, District Court of Oklahoma County, State of Oklahoma, attached as Ex. 5; Consent Final Order of Liquidation, in <u>Sizemore v. Franklin American Life Insurance Company</u>, No. 99-1326-11, Chancery Court of the State of Tennessee, Twentieth Judicial District, Davidson County, attached as Ex. 6; Permanent Injunction and Order Appointing Permanent Receiver, in <u>Pickens v. Old Southwest Life Insurance Company</u>, No. CV99-4541, Circuit Court of Pulaski County, Arkansas, attached as Ex. 7; and Final Order, Judgment and Decree to Liquidate the Business of a Domestic Insurer in <u>Wenzel v. International Financial Services Life Insurance Company</u>, CV 199-623CC, Circuit Court of Cole County, Missouri, attached as Ex. 8.)

10. Upon learning that the Insurance Companies assets had not been invested at LNS, the Commissioners and Directors of Insurance in the domicile states promptly petitioned the courts for appointment of receivers to prevent Frankel and others from engaging in further criminal activity with the Insurance Companies' assets. The Commissioners and Directors of

Insurance immediately provided notice to appropriate law enforcement agencies of the criminal acts upon determining that assets supposedly held by LNS could not be located. The Receiver-Claimants immediately secured the bank accounts of the Insurance Companies and restricted access to the Companies' offices and other assets. The Receiver-Claimants' prompt actions terminated Frankel's ability to exert control over the Insurance Companies' remaining assets. (Affidavit of Betty Cordial at ¶¶ 3 - 5, attached as Ex. 9).

11.     After the Insurance Companies were placed in receivership in May of 1999, the Receiver-Claimants thoroughly and diligently addressed all inquires, requests and concerns of the federal authorities. The Receiver-Claimants' counsel assisted in compiling evidentiary support for the mail fraud and money laundering charges involving Frankel-controlled companies. The receivership staff and counsel for the Receiver-Claimants took all necessary steps to preserve and secure the documents located at the Franklin, Tennessee offices of the Insurance Companies. The Receiver-Claimants fully and promptly responded to and have continued to respond to numerous requests from federal authorities for documents. The receiverships' staff and counsel have been on standby throughout the Frankel-related criminal matters to provide information or testimony at the request of the federal authorities. (Ex. 9, Cordial Aff., at ¶ 6).

12.     On May 10, 2002, Frankel entered into a plea agreement with the United States whereby he pled guilty to multiple counts including wire fraud, securities fraud, RICO violations, and forfeiture. (Frankel Plea Agreement, hereinafter "FPA," attached as Ex. 10; Ex. 1, FSOC pp. 12-16).

### *Defendant Cases of Wine*

13.     The Defendant Properties are 50 Cases of Wine consisting of 574 Bottles valued at approximately $52,947.00, seized from Morgan Manhattan Storage Company in Long Island, New York on March 9, 2000, by Special Agents of the Internal Revenue Criminal Service Investigation Division. The Defendant Cases of Wine were held by the storage company in the name of Kaethe Schuchter/Alfredo Sausti. (VC ¶ 2, 3).

14.     The Defendant Properties were purchased with money stolen from the Insurance Companies. (VC ¶ 44-46).

15.     On October 17, 2000, the Government instituted this action seeking forfeiture of the Defendant Properties. The Insurance Companies' Receivers timely filed claims, Answers and Counterclaims in the forfeiture action asserting they are innocent owners of the Defendant Properties.

16.     On January 31, 2001, the Court ordered an interlocutory sale of the Defendant Properties.

17.     On September 15, 2003, the Court entered a Default Judgment against Claimant Alfredo Sausti, also known as Alfredo Fausti. On September 18, 2003, the Court entered a Default Judgment against Claimant Kaethe Schuchter.

18.     There are no claimants to the Defendant Properties other than the Insurance Companies.

19.     At the time of Frankel's sentencing, the Court entered a Restitution Order against him in favor of the seven Insurance Companies in the amount of $204,164,215.79. (Frankel Restitution Order, attached as Exhibit 11).

Respectfully submitted, this 31st day of January, 2005.

/s/ Douglas S. Skalka
Douglas S. Skalka          Fed. Bar No. 00616
Neubert, Pepe & Monteith, P.C.
195 Church Street, 13th Floor
New Haven, Connecticut 06510-2026
Telephone: (203) 821-2000
Facsimile:  (203) 821-2009

Of Counsel

Alan F. Curley
C. Philip Curley
Cynthia H. Hyndman
ROBINSON CURLEY & CLAYTON, P.C.
300 South Wacker Drive, Suite 1700
Chicago, Illinois 60606
Ph (312) 663-3100

and

Douglas J. Schmidt          MO # 34266
Terrance M. Summers         MO # 38319
Patrick A. McInerney        MO # 37638
Blackwell Sanders Peper Martin LLP
4801 Main, Suite 1000
Kansas City, Missouri 64112
Tel (816) 983-8000
Fax (816) 983-8080
Counsel for
DOUGLAS M. OMMEN, Acting Director of the
Department of Insurance for the State of Missouri,
in his official capacity as Receiver of
INTERNATIONAL FINANCIAL SERVICES
LIFE INSURANCE COMPANY

and

Charles G. Copeland (MS Bar #6516)
Rebecca Blunden (MS Bar #99611)
COPELAND, COOK, TAYLOR & BUSH, P.A.
P.O. Box 6020
Ridgeland, Mississippi 39158
Ph (601) 856-7200
Fx (601) 856-7626
Counsel for
GEORGE DALE, Commissioner of Insurance for the State of Mississippi, in his official capacity as Receiver of FRANKLIN PROTECTIVE LIFE INSURANCE COMPANY, FAMILY GUARANTY LIFE INSURANCE COMPANY, and FIRST NATIONAL LIFE INSURANCE COMPANY OF AMERICA

and

Andrew B. Campbell (TN 14258, CT Fed. 21433)
Graham Matherne, Esq.
WYATT, TARRANT & COMBS, LLP
2525 West End Avenue, Suite 1500
Nashville, Tennessee  37203-1423
Ph (615) 244-0020
Fx (615) 251-6661
Counsel for
PAULA A. FLOWERS, Commissioner of Commerce and Insurance for the State of Tennessee, in her official capacity as Receiver of FRANKLIN AMERICAN LIFE INSURANCE COMPANY

and

Susan B. Loving, Esq.
LESTER, LOVING AND DAVIES
1701 South Kelly
Edmond, Oklahoma 73013
Ph (405) 844-9900
Fx (405) 844-9958
Counsel for
DARYL ENGLAND, Acting Insurance Commissioner for the State of Oklahoma, in his official capacity as Receiver of FARMERS AND RANCHERS LIFE INSURANCE COMPANY

and

Steve A. Uhrynowycz, Esq.
Arkansas Insurance Department
Liquidation Division
1200 West Third Street, Room 340
Little Rock, Arkansas 72201-1904
Ph (501) 371-2776
Fx (501) 374-0101
Counsel for MIKE PICKENS, Insurance
Commissioner for the State of Arkansas, in his
official capacity as Receiver of OLD
SOUTHWEST LIFE INSURANCE COMPANY

Attorneys for Receiver-Claimants

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Local Rule 56(a)(1) Statement of Facts and Exhibits in Support of Receiver-Claimants' Motion for Summary Judgment were delivered on the 31st day of January, 2005, via United States mail, first-class postage prepaid, to:

John A. Danaher, III
United States Attorney

John B. Hughes
Assistant U. S. Attorney
Chief, Civil Division

David X. Sullivan
Assistant United States Attorney
P.O. Box 1824
New Haven, CT 06508

Attorneys for Plaintiff United States of America


/s/ Douglas S. Skalka
Attorney