

EXHIBIT 6

**STATE OF TENNESSEE**
**COUNTY OF DAVIDSON**

**No. 99-1326-II**

I, Claudia C. Bonnyman, Clerk and Master of the Chancery Court in and for said State and County, do hereby certify that the foregoing is a full, true and correct copy of the order entered October 25, 1999, Control Number 141630, Davidson County Chancery Court, filed in the cause of State of Tennessee, ex rel Douglas Sizemore, Commissioner, etc. vs. Franklin American Life Insurance Company as the same remains on file and of record in my office.

**WITNESS** my hand and seal of said Court at office in the City of Nashville, Tennessee, this 28th day of October, 1999.

_____
CLAUDIA C. BONNYMAN, CLERK & MASTER

===========================================

**STATE OF TENNESSEE**
**COUNTY OF DAVIDSON**

I, Carol L. McCoy, one of the presiding Judges of the Chancery Court of said County, certify that Claudia C. Bonnyman, who gave the foregoing certificate, is and was at the time of signing the same, Clerk and Master, and that said Court is a Court of Record, and that her attestation is in due form, and that her official acts, as such are entitled to full faith and credit.

**WITNESS** my hand this 28th day of October, 1999.

_____
CAROL L. MCCOY, CHANCELLOR

===========================================

**STATE OF TENNESSEE**
**COUNTY OF DAVIDSON**

I, Claudia C. Bonnyman, Clerk and Master of the Chancery Court of said County, certify that Carol L. McCoy, whose genuine official signature appears to the above and hereto annexed Certificate, is and was at the time of signing the same, one of the presiding Judges of the Chancery Court in and for the County and State aforesaid, duly commissioned and qualified, and that all his official acts as such are entitled to full faith and credit.

**IN TESTIMONY WHEREOF,** I have hereunto set my hand and affixed the seal of said Court at office in the City of Nashville, Tennessee, this 28th day of October, 1999.

_____
CLAUDIA C. BONNYMAN, CLERK & MASTER

IN THE CHANCERY COURT OF THE STATE OF TENNESSEE
TWENTIETH JUDICIAL DISTRICT, DAVIDSON COUNTY

STATE OF TENNESSEE, ex rel., )
DOUGLAS M. SIZEMORE, )
Commissioner of Commerce and )
Insurance for the State of Tennessee, )
                   Petitioner, )
                   v. ) No. 99-1326-II
FRANKLIN AMERICAN LIFE )
INSURANCE COMPANY, a Tennessee )
domiciled insurance company, )
                   Respondent. )

**CONSENT FINAL ORDER OF LIQUIDATION;
FINDING OF INSOLVENCY; AND PERMANENT INJUNCTION**

This matter came to be heard upon the request of Petitioner, Douglas M. Sizemore, Commissioner of Commerce and Insurance for the State of Tennessee ("Commissioner" or "Department"), by his signature appearing below, and through his counsel, and with the agreement and consent of the party authorized by Tenn. Code Ann. § 56-9-301(12) and 56-9-305(a) to consent for Respondent Franklin American Life Insurance Company, a Tennessee domiciled life insurance company located at 377 Riverside Drive, Suite 400, Franklin, Tennessee 37064 ("Franklin American Life Insurance Company", "Respondent" or "insurer"), with the benefit of counsel, by their signatures appearing below, to the entry of the following order of liquidation pursuant to Tenn. Code Ann. § 56-9-305(a) and § 56-9-306. Based on the pleadings, the consent of the parties, and the record as a whole, this Court FINDS that the Commissioner's request for a Final Order of Liquidation and Permanent Injunction should be granted:

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED:

1.    That the Petitioner, Douglas M. Sizemore, is the duly appointed Commissioner of Commerce and Insurance for the State of Tennessee and statutory rehabilitator of Franklin American Life Insurance Company. Pursuant to the Tennessee Insurers Rehabilitation and Liquidation Act (hereinafter "the Act"), Tenn. Code Ann. §§ 56-9-101, *et seq.*, the liquidation of a domestic insurer, is to be conducted by the Commissioner and his successors in office after his appointment as liquidator by the Court. Tenn. Code Ann. §§ 56-9-306, *et seq.*;

2.    That Venue of this action is properly in the Chancery Court of Davidson County pursuant to Tenn. Code Ann. § 56-9-104;

3. That the Commissioner has reasonably determined, and Franklin American Life Insurance Company consents, that an order of liquidation of Franklin American Life Insurance Company is necessary. The Commissioner as Rehabilitator for the insurer since May 11, 1999 has determined that the insurer is in such condition that further transaction of its business would be hazardous financially to the insurer's policyholders, creditors and the public. The Commissioner further has determined that the insurer is insolvent, having approximately $42,715,659 in liquid assets and approximately $49,054,000 in liabilities, and that further attempts to rehabilitate Franklin American Life Insurance Company would substantially increase the risk of loss to creditors, policyholders, the public, and/or would be futile;

4. Franklin American Life Insurance Company's consent has been given to entry of this Order of Liquidation converting the action from rehabilitation to liquidation and there is a proper sufficient basis for the following order pursuant to Tenn. Code Ann. §§ 56-9-301(1) and (12), and 56-9-305 and 56-9-306, due to such consent and the Commissioner's determinations. Franklin American Life Insurance Company waives the right to be heard before entry of this Consent Order of Liquidation;

5. The Commissioner requests a declaration of the insurer's insolvency, and the Court hereby declares that Franklin American Life Insurance Company is insolvent;

6. There is no further purpose or justification for continuing to rehabilitate FAL; therefore, this Court hereby grants the request under Tennessee Code Annotated § 56-9-305 and 306 to convert this action into a liquidation of Franklin American Life Insurance Company and finds good cause for immediate entry of a Final Order of Liquidation and Permanent Injunction as follows:

    A. The receivership of Franklin American Life Insurance Company (also referred to herein as "FAL" or "insurer"), created by Order entered May 11, 1999 for the purposes of rehabilitation, shall continue in full force and effect and that as of the date of entry of this Order of Liquidation, said receivership is converted to a receivership for purposes of liquidation. All powers, authority, and responsibilities of the Commissioner which are granted by the May 11th Rehabilitation Order, and which are not listed, amended, or augmented in this Liquidation Order, are hereby reaffirmed and continued in Liquidation.

    B. The Commissioner of Commerce and Insurance for the State of Tennessee, and his successors in office, is appointed Liquidator of Franklin American Life Insurance Company for purposes of liquidation as provided by Tenn. Code Ann. §§ 56-9-305, 306, and 307 with all the powers conferred by law on receivers and liquidators of insurers appointed under those statutes. In addition to those powers specifically enumerated in this Final Order of Liquidation and by operation of law under Tenn. Code Ann. §§ 56-9-101 et seq. for liquidators of insurers, the liquidator shall have the power to exercise all powers now held or hereafter conferred upon receivers by the laws of this state not inconsistent with Tenn. Code Ann. §§ 56-9-101, et seq.

    C. Pursuant to Tenn. Code Ann. § 56-9-307, the Commissioner, as liquidator, is authorized and directed (1) to take and continue in possession of all accounts, assets, monies, and property (both tangible and intangible) belonging to, held by and/or in the name of Franklin American Life Insurance Company both within and without the State of Tennessee, (2) to continue to be vested by operation of law with the title to all of the property, contracts and rights of action, and all of the accounts, assets, monies, books and records of the insurer, wherever located, as of the date of entry of the rehabilitation order, and any further title or rights in property gained by the Commissioner by virtue of such receivership, and (3) that the Commissioner, as liquidator, continues to have the right to recover the same and reduce the same to possession and to administer them under the general supervision of the Court.

    D. Pursuant to Tenn. Code Ann. § 56-9-307, the rights and liabilities of FAL and of its creditors, policyholders, shareholders, members and all other persons interested

in its estate shall become fixed as of the date of the entry of this Order of Liquidation, except as provided in Tenn. Code Ann. §§ 56-9-308 and 326.

E. Pursuant to Tenn. Code Ann. § 56-9-308, all policies, including bonds and other noncancellable business, in effect at the time of issuance of this Order of Liquidation shall continue in force only for the lesser of: (1) a period of thirty (30) days after the date of entry of the Order of Liquidation, (2) the expiration of the policy coverage; (3) the date when the insured has replaced the insurance coverage with equivalent insurance in another insurer or otherwise terminated the policy, (4) the liquidator has effected a transfer of the policy obligation pursuant to Tenn. Code Ann. § 56-9-310(a)(10), (5) the date proposed by the liquidator and approved by the Court to cancel coverage. The liquidator proposes and the Court hereby approves that all outstanding policies and coverage not covered by a guaranty association be canceled on November 25 1999 at 12:01 a.m. Pursuant to Tenn. Code Ann. § 56-9-308(c) and (d), policies of life or health insurance or annuities covered by a guaranty association or foreign guaranty association shall continue in force for such period and under such terms as is provided for by any applicable guaranty association or foreign guaranty association under Tenn. Code Ann. § 56-12-204 and any other applicable statutes.

F. This Order of Liquidation shall terminate coverage at the time specified in Tenn. Code Ann. § 56-9-308(a) for purposes of any other statute.

G. The liquidator shall have all the powers enumerated in Tenn. Code Ann. § 56-9-310, including the power to appoint a special deputy or deputies to act for him and to determine their reasonable compensation. One special deputy appointed by the Commissioner is John Knox Walkup. The special deputy shall have all powers of the liquidator as granted by this Order and as enumerated in Tenn. Code Ann. § 56-9-310. The special deputy shall serve at the pleasure of the liquidator.



H. The liquidator shall have the power to employ employees and agents, legal counsel, actuaries, accountants, appraisers, consultants and such other personnel as the liquidator may deem necessary to assist in the liquidation.

I. The liquidator shall have the power to fix reasonable compensation of employees and agents, legal counsel, actuaries, accountants, appraisers and consultants with the approval of the Court, and shall have power to pay reasonable compensation to persons appointed and to defray from the funds or assets of the insurer all expenses of taking possession of, conserving, conducting, liquidating, disposing of, or otherwise dealing with the business and property of the insurer.

J. The liquidator shall have the power to hold hearings, to subpoena witnesses to compel their attendance, to administer oaths, to examine any person under oath, and to compel any person to subscribe to his or her testimony after it has been correctly reduced to writing; and in connection therewith to require the production of any books, papers, records or other documents which he deems relevant to the inquiry.

K. The liquidator shall have the power to audit the books and records of all agents of the insurer insofar as those records relate to the business activities of the insurer.

L. The liquidator shall have the power to acquire, hypothecate, encumber, lease, improve, sell, transfer, abandon or otherwise dispose of or deal with, any property of the insurer at its market value or upon such terms and conditions as are fair and reasonable. The liquidator shall also have power to execute, acknowledge and deliver any and all deeds, assignments, releases and other instruments necessary or proper to effectuate any sale of property or other transaction in connection with the liquidation.

M. The liquidator shall have the power to enter into such contracts as are necessary to carry out the Order of Liquidation, and to affirm or disavow any contracts to which the insurer is a party.

N.   The liquidator shall have the power to continue to prosecute and to institute in the name of the insurer or in the liquidator's own name any and all suits and other legal proceedings, in this state or elsewhere, and to abandon the prosecution of claims the liquidator deems unprofitable to pursue further.

O.   The liquidator shall have the power to prosecute any action at law or in equity which may exist on the liquidator's behalf, and/or on behalf of the creditors, members, policyholders or shareholders of the insurer against any person or entity. Pursuant to Tenn. Code Ann. § 56-9-313(b)(1), the liquidator may, within two (2) years or such other longer time as applicable law may permit, institute an action or proceeding on behalf of the estate of the insurer upon any cause of action against which the period of limitation fixed by applicable law has not expired at the time of the filing of the instant petition for liquidation.

P.   The liquidator shall have the power to remove any or all records and property of the insurer to the offices of the Commissioner or to such other place as may be convenient for the purposes of efficient and orderly execution of the liquidation.

Q.   The liquidator shall have the power under Tenn. Code Ann. §§ 56-9-315, 316, and 317 to avoid fraudulent and preferential transfers.

R.   The enumeration of the powers and authority of the liquidator shall not be construed as a limitation upon the Commissioner or Special Deputy, nor shall it exclude in any manner any right to do such other acts not herein specifically enumerated or otherwise provided for, as may be necessary or appropriate for the accomplishment of or in aid of the purpose of liquidation.

S.   The liquidator shall give or cause to be given notice of the Order of Liquidation in accordance with Tenn. Code Ann. § 56-9-311 as soon as possible: (1) by first class mail and either by telegram or telephone to the insurance commissioner of each jurisdiction in which the insurer is doing business; (2) by first class mail to any guaranty association or foreign guaranty association which is or may become obligated as a result of liquidation; (3) by first class mail to all insurance agents of the insurer; (4) by first class mail to all persons known or reasonably expected to have claims against the insurer including all policyholders, at their last known address as indicated by the records of the insurer; and (5) by publication in a newspaper of general circulation in the county in which the insurer has its principal place of business and in such other locations as the liquidator deems appropriate.

T.   **Claims Deadline** - Except as otherwise established by the liquidator with approval of the Court, notice to potential claimants under Tenn. Code Ann. § 56-9-311(a) shall specify in the notice and require claimants to file with the liquidator their claims together with proper proofs thereof under Tenn. Code Ann. § 56-9-324, on or before 4:30 p.m., Central Time, **Monday, January 31, 2000**, for purposes of participating in any distribution of assets that may be made on timely filed claims that are allowed in these proceedings.

U.   With notice given in accordance with Tenn. Code Ann. § 56-9-311, the distribution of assets of the insurer under Tenn. Code Ann. §§ 56-9-101, et seq. shall be conclusive with respect to all claimants, whether or not they receive notice.

V.   Pursuant to Tenn. Code Ann. § 56-9-313, no action at law or equity or in arbitration shall be brought against the insurer or liquidator, whether in Tennessee or elsewhere, nor shall any such existing actions be maintained or further presented or prosecuted after issuance of the Order of Liquidation. All claims must be submitted through the claims process as set forth in the Act, and as further defined in this Order. Whenever, in the liquidator's judgment, protection of the estate of the insurer necessitates intervention in an action against the insurer that is pending outside this state, the liquidator may intervene in the action. The liquidator may defend any action in which the liquidator intervenes under this section at the expense of the estate of the insurer.

4

W.  Pursuant to Tenn. Code Ann. § 56-9-105(a)(1-11), all persons, firms, corporations and associations, including but not limited to, Respondent Franklin American Life Insurance Company and its officers, directors, stockholders, members, subscribers, agents, contractors, subcontractors and all other persons with authority over or in charge of any segment of Franklin American Life Insurance Company's affairs, are prohibited and permanently enjoined from (1) the transaction of its business, (2) the waste or disposition of its property, (3) the destruction, deletion, modification, or waste of its records, databases or computer files, (4) the commencement or prosecution of any actions, or the obtaining of preferences, judgments, attachments or other liens, or the making of any levy against the insurer or against its assets or any part thereof until further order of this Court, and (5) any other threatened or contemplated action, not permitted under the Act, that might lessen the value of the insurer's assets or prejudice the rights of policyholders, creditors or shareholders, or the administration of any proceeding under this chapter; and this Court further authorizes the liquidator to apply outside of Tennessee for the relief described in Tenn. Code Ann. § 56-9-105(a);

X.  Pursuant to Tenn. Code Ann. § 56-9-106, the officers, managers, directors, trustees, owners, employees, agents, contractors or subcontractors of Franklin American Life Insurance Company, and any other persons with authority over or in charge of any segment of its affairs, are ordered and required to cooperate with the Commissioner in the carrying out of the liquidation. The term "person" shall include any person who exercises control directly or indirectly over activities of the Franklin American Life Insurance Company through any holding company, parent company, or other affiliate of Franklin American Life Insurance Company. Further, the term "person" shall include any person who exercises control or participation in the activities of the Franklin American Life Insurance Company, such as through the record-keeping and computer systems operation relating to the activities of the Franklin American Life Insurance Company. "To cooperate" shall include, but shall not be limited to, the following: (1) to reply promptly in writing to any inquiry from the Commissioner requesting such a reply; and (2) to preserve and to make available to the Commissioner any and all books, bank and investment accounts, documents, or other records or information or computer programs and databases or property of or pertaining to FAL and in his or her possession, custody or control. No person shall obstruct or interfere with the Commissioner in the conduct of this liquidation;

Y.  Any bank, savings and loan association, financial institution or other person, which has on deposit, in its possession, custody or control any funds, accounts and any other assets belonging to, held by, and/or in the name of Franklin American Life Insurance Company, shall immediately transfer title, custody and control of all such funds, accounts, or assets to the liquidator, and are hereby instructed that the liquidator has absolute control over such funds, accounts and other assets. The liquidator may change the name of such accounts and other assets, withdraw them from such bank, savings and loan association or other financial institution, or take any lesser action necessary for the proper conduct of this receivership. No bank, savings and loan association or other financial institution shall exercise any form of set-off, alleged set-off, lien, any form of self-help whatsoever, or refuse to transfer any funds or assets to the liquidator's control without the permission of this Court.

Z.  Pursuant to Tenn. Code Ann. § 56-9-307(e), the liquidator shall make financial reports to the Court, which shall be filed within one (1) year of the Order of Liquidation, and at least annually thereafter. Financial reports shall include the assets and liabilities of the insurer and all funds received or disbursed by the liquidator during the current period.

AA.  Any person, firm, corporation or other entity having notice of this Order that fails to abide by its terms shall be directed to appear before this Court to show good cause, if any they may have, as to why they should not be held in contempt of Court for violation of the provisions of this Order;

5

BB. No bond is required of the Commissioner as a prerequisite for the filing of this petition or entry of this liquidation order or for the issuance of any injunction, restraining order, or additional order issued as provided by Tenn. Code Ann. § 20-13-101, and;

CC. That this Liquidation Order is permanent and a final order and entitled to full faith and credit pursuant to U.S. Const. Art. IV, § 1 and 28 U.S.C. § 1738 in the state and federal courts of each of the United States.

7. The Commissioner may apply to the Court for any further orders which may be necessary to implement the terms of this order, or in aid thereof, to which the Commissioner may be entitled. This Court retains jurisdiction for the purpose of granting such further relief as from time to time shall be deemed appropriate.

*[signature]*
CHANCELLOR

IT IS SO ORDERED. COSTS ARE TAXED TO THE PLAINTIFF(S)

AGREED AND APPROVED FOR ENTRY:

STATE OF TENNESSEE

*[signature]*
DOUGLAS M. SIZEMORE
Commissioner, Department of Commerce and Insurance

PAUL G. SUMMERS
Attorney General & Reporter

*[signature]*
SARAH A. HIESTAND (BPR #14217)
Senior Counsel, Financial Division
425 Fifth Avenue North, 2nd FLoor
Nashville, Tennessee 37243
(615) 741-6035
Counsel for Petitioner Douglas M. Sizemore,
Commissioner of Commerce and Insurance

*[signature]*
JAMES F. SANDERS (BPR #5267)
KENDRA E. SAMSON (BPR #18976)
Neal & Harwell
2000 First Union Tower
150 Fourth Avenue, North
Nashville, Tennessee 37219
Counsel for John A. Hackney

6

By execution hereof, I, John A. Hackney, as the sole Director of Franklin American Life Insurance Company, hereby consent to entry of this Order of Liquidation pursuant to Tenn. Code Ann. §§ 56-9-301(12), 305(a), and 306(1).

FRANKLIN AMERICAN LIFE INSURANCE COMPANY

By: _____   Seal
      (signature)

JOHN A. HACKNEY
(printed or typed name)

Title: DIRECTOR

Date: 10/21/99

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Consent Final Order of Liquidation and Permanent Injunction has been delivered by facsimile transmission and U.S. mail, first-class postage pre-paid to the following on this the 22 day of October, 1999.

Anthony J. McFarland, Esq.
BASS, BERRY & SIMS
2700 First American Center
315 Deaderick Street
Nashville, Tennessee 37238

James F. Sanders, Esq.
NEAL & HARWELL
2000 First Union Tower
150 Fourth Avenue, North
Nashville, Tennessee 37219

Craig V. Gabbert, Jr., Esq.
HARWELL, HOWARD, HYNE, GABBERT & MANNER
1800 First American Center
315 Deaderick Street
Nashville, Tennessee 37238

Marshall L. Hix, Esq.
HIX, GRAY & NAVE
First American Center
315 Deaderick Street
Nashville, Tennessee 37238

Harlan Mathews, Esq.
FARRIS, MATHEWS, BRANAN & HELLEN
511 Union Street, Suite 2400
Nashville, Tennessee 37219

John M. Jordan, Esq.
DAVIS & JORDAN
5210 Maryland Way, Suite 202
Brentwood, Tennessee 37027

Andrew Campbell, Esq.
William Gibson, Esq.
WYATT, TARRANT & COMBS
1500 Nashville City Center
511 Union Street
Nashville, TN 37219-1750

Charles G. Copeland, Esq.
COPELAND, COOK, TAYLOR & BUSH
P.O. Box 6020
Ridgeland, Mississippi 39158

Douglas L. Schmidt, Esq.
BLACKWELL, SANDERS, PEPER & MARTIN
2300 Main Street, Suite 1100
Kansas City, Missouri 64108

William A. Waddell, Jr. Esq.
FRIDAY, ELDREDGE & CLARK
2000 Regions Center
400 West Capitol Avenue
Little Rock, Arkansas 72201

Susan B. Loving, Esq.
LESTER, LOVING & DAVIES
1505 South Renaissance Boulevard
Edmond, Oklahoma 73013-3018

Sabin R. Thompson, Esq.
WILLIAMS & PROCHASKA, P.C.
401 Church Street
Nashville, Tennessee 37219

Jeffery A. Greene, Esq.
110 Glany Street, Suite 109
Goodlettsville, Tennessee 37072

_____
SARAH A. HIESTAND
Senior Counsel