BEFORE THE CIRCUIT COURT OF COLE COUNTY
STATE OF MISSOURI

| | |
|---|---|
| KEITH A. WENZEL, Director of the Department of Insurance of the State of Missouri, in his Statutory Capacity as Liquidator,<br><br>    Plaintiff,<br>v.<br><br>INTERNATIONAL FINANCIAL SERVICES LIFE INSURANCE COMPANY,<br><br>    Defendant. | Case No. CV199-623CC |

**FINAL ORDER, JUDGMENT AND DECREE TO LIQUIDATE
THE BUSINESS OF A DOMESTIC INSURER**

NOW ON THIS 30TH DAY OF NOVEMBER, 1999, Keith A. Wenzel, Director of the Missouri Department of Insurance, in his capacity as Rehabilitator ("Rehabilitator") of the International Financial Services Life Insurance Company ("IFSLIC"), appears by counsel, Douglas J. Schmidt and Eric A. Martin, upon his "Verified Petition For a Final Order, Judgment and Decree to Liquidate the Business Of a Domestic Insurer" ("Petition"). NOLGHA and Missouri Life and Health Guaranty Association appear by Sherry L. Doctorian. Other persons appear not. Cause is heard. On the verified petition and other evidence adduced, the Court makes the following finding and orders:

THE COURT FINDS:

1. That jurisdiction and venue of this proceeding are proper under § 375.1154.

2. That sufficient cause exists for liquidation of IFSLIC under §§ 375.1174 and 375.1175.

**EXHIBIT 8**

3. That the board of directors of IFSLIC has, by corporate resolution, consented to entry of a Final Order, Judgment and Decree to Liquidate the Business of a Domestic Insurer.

4. That IFSLIC is in such a condition that further attempts to rehabilitate IFSLIC would substantially increase the risk of loss to creditors, policyholders or the public, and would be futile.

5. That it is in the best interests of the policyholders and creditors of IFSLIC and the public that IFSLIC be placed into liquidation.

6. That IFSLIC is insolvent as defined under § 375.1152(13) because it is unable to pay its obligations when due and its liabilities exceed its admitted assets.

7. That assets of IFSLIC are located and held in other jurisdictions in which International Financial Corporation and Franklin American Corporation or their agents and subsidiaries were conducting business.

Based on the foregoing findings:

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. The business of IFSLIC is ordered liquidated.

2. Keith Wenzel, Director of the Missouri Department of Insurance, and his successors are appointed as the Liquidator of IFSLIC ("Liquidator") pursuant to § 375.1176, and are directed forthwith to take immediate possession of the assets of IFSLIC and to administer them subject to the supervision of the Court, and are further directed to take immediate possession of and to secure all of the records and property of IFSLIC wherever it is located, and to take all measures necessary to preserve the integrity of the insurer's records.

3. The Liquidator is directed to liquidate IFSLIC, pursuant to § 375.1150, *et seq.*, and to take such other action as the nature of this cause and the interests of the policyholders, creditors or the public may require, subject to further Orders of this Court.

4. Title to all of the property, contracts and rights of action, and all books and records wherever located, of IFSLIC is vested in the Liquidator pursuant to § 375.1176.

5. IFSLIC's current and former officers, directors, managers, agents and employees are enjoined from disposing of any of IFSLIC's property, or transacting any business except upon permission of the Liquidator, or by further Order by this Court.

6. The Liquidator is authorized to work cooperatively and share joint recoveries with the receivers of the other insurance companies owned by the Thunor Trust in accordance with the terms of the Compromise and Settlement Agreement of Potential Interstate Claims that the Court approved in this proceeding.

7. The Liquidator is authorized to sell the IFSLIC Corporate Shell free and clear of existing liabilities, subject to final Court approval. Once the IFSLIC Corporate Shell is sold, the net sale proceeds shall be an asset of IFSLIC to which IFSLIC's liabilities attach.

8. If a suitable purchaser of IFSLIC's Corporate Shell is found and the sale of IFSLIC's Corporate Shell free and clear of existing liabilities is approved by the Court, then all special deposits of IFSLIC with other states' insurance departments remain on deposit with those agencies and shall be sold to the buyer of IFSLIC's Corporate Shell for an equivalent sum of cash. The portion of the purchase price related to each special deposit shall then be held by the Liquidator specifically for the special deposit claimants in each state holding each special deposit.

9. The Liquidator is directed to provide periodic accountings to the Court pursuant to § 375.1176.6. The first accounting is to be filed with the Court by March 31, 2000 for the period beginning July 1, 1999 and ending December 31, 1999. Thereafter, accountings shall be filed with the Court semi-annually for the periods ending December 31 and June 30 of each year, to be due on the following March 31 and September 30, respectively.

10. The Liquidator is directed to make an application to the Court for approval of a proposal to distribute assets out of marshaled assets within one year of a final determination of insolvency pursuant to § 375.1205.

11. The Liquidator shall have all the powers of the directors, officers and managers of IFSLIC, whose authority shall be terminated.

12. The Liquidator shall have full power to direct and manage, to hire and discharge employees of IFSLIC.

13. The Liquidator is vested with all of the right, title, and interest in all funds recoverable under treaties, contracts and agreements of reinsurance entered into by IFSLIC as a ceding insurer or assuming reinsurer. All reinsurance companies involved with IFSLIC are restrained from making any settlement with any claimant or policyholder of IFSLIC.

14. All general agents, agents, or brokers of IFSLIC, as well as any banks, brokerage houses, reinsurers, third party administrators, or other companies or persons having in their possession assets or unearned commissions, are enjoined from disposing of or destroying the same or disposing of or destroying any records pertaining to any business transaction with IFSLIC.

15. All agents, general agents, third party administrators, and brokers of IFSLIC are enjoined from returning any unearned premiums, or any monies in their possession collected

from premiums, to policyholders or others. All agents, general agents, third-party administrators and brokers of IFSLIC are directed to turn over to the Liquidator all such funds in their possession or under their control, or which they may hereafter acquire.

16. All banks, savings and loan associations, or other persons or entities which have on deposit, in their possession, custody or control any funds, accounts, and any other assets of IFSLIC shall immediately transfer title, custody and control of such funds to the Liquidator and are hereby instructed that the Liquidator has absolute control over such accounts and other assets. The Liquidator may change the name of such accounts and other assets, withdraw them from any such bank, savings and loan association, other person or entity, or take any lesser action necessary for the proper conduct of this liquidation. No bank, savings and loan association, other person or entity shall exercise any form of set-off, alleged set-off, lien, any form of self-help whatsoever or refuse to transfer any funds or assets to the Liquidator's control without the permission of this Court.

17. IFSLIC, its officers, directors, agents, brokers, general agents, employees, and all other persons having notice of these proceedings or of the Liquidation Order are enjoined from transacting any business of IFSLIC or disposing of any property or assets of IFSLIC, or doing or permitting to be done any action which might waste the property or assets of IFSLIC.

18. The Liquidator is authorized by §§ 375.1176 and 375.1182 to deal with the property, business and affairs of IFSLIC and IFSLIC's Estate, and to institute, prosecute, defend, compromise, intervene in, seek stays in, or become a party to, such suits, actions or proceedings at law or in equity as may, in the Liquidator's opinion, be necessary for the collection, recovery, protection, maintenance, or preservation of the property of IFSLIC, or for the benefit of IFSLIC's policyholders, shareholders and creditors in the courts and tribunals, agencies or

arbitration panels of this state and other states in his name as Director of Insurance of the State of Missouri, in his capacity as Liquidator, or in the name of International Financial Services Life Insurance Company.

19. The Liquidator is authorized to take any actions necessary to prevent, without limitation, potential preferences from occurring, including specific injunctions against appropriate parties pursuant to § 375.1155, and where appropriate to enjoin the dissipation of IFSLIC's assets already paid out as potential preferences or fraudulent conveyances.

20. The Liquidator is authorized, within ten (10) years or such other longer time as applicable law may permit, to institute an action or proceeding on behalf of the estate of IFSLIC upon any cause of action against which the period of limitation fixed by applicable law has not expired at the time of the filing the petition for liquidation, pursuant to § 375.1188.

21. The Liquidator is authorized and directed to wind-down and terminate IFSLIC's business and affairs and to make the continued expenditure of such wages, rents, and other expenses as are necessary for the administration of the liquidation of IFSLIC's estate.

22. The Liquidator is authorized pursuant to § 375.1192 to avoid fraudulent transfers, and is authorized pursuant to § 375.1195 to avoid preferences.

23. The law firm of Blackwell Sanders Peper Martin LLP ("BSPM"), may continue to serve as General Counsel to the Liquidator and perform legal services for him, under § 375.1150, *et seq.*, at the rates approved by this Court on June 18, 1999, as long as that arrangement is mutually agreeable to BSPM and the Liquidator. The reasonable fees and expenses of BSPM associated with these proceedings shall be paid out of the assets of the IFSLIC Estate.

24. The Liquidator is authorized pursuant to § 375.1182.1 to retain additional professionals, consultants or other service providers as necessary with respect to these proceedings, and the compensation of such persons shall be subject to the Orders of this Court.

25. The Liquidator is authorized pursuant to § 375.1182.1 to pay as administrative expenses, all reasonable attorneys' fees, accounting fees, consulting fees, other service providers and other administrative expenses incurred in connection with the liquidation of IFSLIC from the assets of the IFSLIC Estate under § 375.1150, *et seq*.

26. All rights and liabilities of IFSLIC and of its creditors, policyholders, shareholders and all other persons interested in IFSLIC shall become fixed as of the date of entry of the Liquidation Order, except for the continuation of certain policies covered by applicable guaranty associations as provided in § 375.1178.

27. All insurers, agents, salespeople, brokers and any and all other persons in the business of insurance are enjoined from in any way counseling, encouraging or soliciting the cancellation, surrender, replacement or termination of policies issued by IFSLIC until further Order of this Court.

28. All persons are enjoined from asserting or maintaining any future or existing action at law, in equity or in arbitration against IFSLIC or the Liquidator, whether in this state or outside this state.

29. Except by leave of this Court during the pendency of the liquidation, IFSLIC and all customers, principals, investors, creditors, stockholders, lessors, and other persons, except for the Liquidator, seeking to establish or enforce any claim, right or interest against or on behalf of IFSLIC, and all others acting for or on behalf of such persons including attorneys, trustees,

agents, sheriffs, constables, marshals and other officers and their deputies and their respective attorneys, servants, agents, employees, are enjoined from:

    (a)    Commencing, prosecuting, continuing or enforcing any claim, suit or proceeding involving IFSLIC or against any of its assets, except that this Liquidation Order does not enjoin the filing of any claim pursuant to § 375.1206;

    (b)    Commencing, prosecuting, continuing or enforcing any suit or proceeding in the name of or on behalf of the IFSLIC Estate;

    (c)    Accelerating the due date of any obligation or claimed obligation, enforcing any lien upon, or taking or attempting to take possession of, or retaining possession of, any property of IFSLIC, or attempting to foreclose, forfeit, alter or terminate any interest of IFSLIC in any of its property or assets whether such acts are part of a judicial proceeding or otherwise;

    (d)    Using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution or other process for the purpose of impounding or taking possession of, or interfering with, or creating, or enforcing a lien upon, any property or assets of IFSLIC's estate wherever located, owned by or in the possession of IFSLIC or the Liquidator appointed pursuant to this Liquidation Order or any agents appointed by the Liquidator; and

    (e)    Doing any act or thing whatsoever to interfere with the taking control of, possession or management by the Liquidator appointed herein of the property of IFSLIC or subject to this liquidation, or to in any way interfere with the Liquidator, or to interfere, in any manner, with the exclusive jurisdiction of this

Court over the property and assets of IFSLIC's estate or subject to this liquidation.

30. No person may serve or cause to be served upon the Liquidator or receive for the Liquidator, any legal process as defined herein, without first securing the authorization of this Court or the specific written consent of the Liquidator. Legal process herein shall include attachments, garnishments or levy of execution. Authorization of this Court may be in the form of relief from the injunctions set forth herein or other appropriate order.

31. Persons endeavoring to secure documentation from the Liquidator shall in all instances first attempt to secure such information by submitting a formal written request to the Liquidator and, if such request has not been responded to within thirty (30) days, such person may thereafter seek an Order of this Court with regard to the documentation requested.

32. The Liquidator shall have all the powers and authority to perform all acts and other matters conferred upon them pursuant to § 375.1182, and all powers now held or hereafter conferred upon them by the laws of this State.

33. The enumeration of the powers and authority of the Liquidator in this Order shall not be construed as a limitation upon the statutory powers of the Liquidator, nor shall it exclude in any manner the right to do such other acts not specifically enumerated or otherwise provided for, as may be necessary or appropriate for the accomplishment of the liquidation of IFSLIC.

34. The Liquidator shall notify all individuals, partnerships, corporations, associations, estates, trusts and governmental entities which IFSLIC's books and records reveal have, or may have, claims, contingent or otherwise, against IFSLIC or the property or assets of IFSLIC, to present and file proper Proofs of Claim with the Liquidator.

35. The Liquidator shall give or cause to be given, notice ("Liquidation Notice") of this Order, pursuant to the provisions of § 375.1185 by regular, bulk mail or other cost effective methods that the Court deems appropriate to:

  (a) the director of the insurance department of each state in which the insurer is doing business;

  (b) all guaranty associations or foreign guaranty associations which are or may become obligated as a result of the liquidation;

  (c) all known insurance agents of the insurer;

  (d) all persons known or reasonably expected to have claims against the insurer including all policyholders, at their last known address as indicated by the records of the insurer.

36. Notice by publication is not necessary, would not be economically justified, and therefore is not required. This is so because IFSLIC's principal place of business consisted merely of a mail drop in Jefferson City, Missouri and because notice by first class mail to all persons or entities specified above is reasonably calculated to provide actual notice to all interested parties. In addition, the identity of all prospective claimants may be reasonably determined from IFSLIC's records.

37. The Proofs of Claim and Claims Notice shall specify March 1, 2000 as the last day for the filing of Proofs of Claim with the Liquidator, and specify the form of any such Proof of Claim to be filed, and contain allowed alternative procedures for the filing and allowing or approving of a proof of claim, pursuant to the provisions of §§ 375.1206 and 375.1208.

38. To the extent applicable under the appropriate law, IFSLIC's policies shall be continued in force by the respective guaranty association for such period of time and under such terms as are provided for by the guaranty associations.

39. All previous procedural Orders entered by this Court in the Rehabilitation proceeding shall continue in effect during the Liquidation absent further orders of this Court.

40. This Court shall retain jurisdiction (supervision of this court pursuant to §375.1167) of this matter for the purpose of granting such other and further relief as the nature of this cause and the interests of the policyholders, creditors and stockholders of IFSLIC or the members of the public may require.

41. There is no just reason for delay, and this Order, pursuant to § 375.630.4 R.S.Mo. (1994) is entered as a final judgment.

Dated: 11/30/09

_____
Circuit Court Judge

STATE OF MISSOURI } SS
COUNTY OF COLE

I, BRENDA A. UMSTATTD, Clerk of the Circuit Court of Cole County, Missouri, hereby certify that the above and foregoing is a full true and correct copy of Final Order, Judgment + Decree to Liquidate Business of a Domestic Insurer as fully as the same remains of record in my said office.
IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of my said office this 21 day of Jan '05
BRENDA A. UMSTATTD, Clerk

_____
Deputy Clerk
Circuit Court of Cole County, Missouri