UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil No. 3:00CV2008 (EBB) |
| | : | |
| 50 CASES OF WINE CONSISTING OF 574 BOTTLES VALUED AT APPROXIMATELY $52,947.00, SEIZED FROM MORGAN MANHATTAN STORAGE COMPANY, 2100 HUNTER'S POINT AVENUE, LONG ISLAND CITY, NEW YORK, HELD IN THE NAMES OF KAETHE SCHUCHTER/ALFREDO SAUSTI, | : : : : : : : : | June 21, 2007 |
| Defendants. | : | |

### STIPULATION BETWEEN THE UNITED STATES OF AMERICA AND THE RECEIVER-CLAIMANTS

In full and final satisfaction of any and all claims, demands, and liens from which PLAINTIFF, UNITED STATES OF AMERICA ("UNITED STATES"), now has against the above-described property, the PLAINTIFF and the RECEIVER-CLAIMANTS,[1] and their agents, subrogees, successors, and assigns, by and through their respective counsel, hereby stipulate and

---

[1] (1) Kim Holland, Commissioner of Insurance for the State of Oklahoma, in her capacity as Receiver of Farmers and Ranchers Life Insurance Company;
(2) Douglas M. Ommen, Director of the Missouri Department of Insurance, in his capacity as Receiver of International Financial Services Life Insurance Company;
(3) Leslie A. Newman, Commissioner of Commerce and Insurance for the State of Tennessee, in her capacity as Receiver of Franklin American Life Insurance Company;
(4) Julie Benafield Bowman, Commissioner of Insurance for the State of Arkansas, in her capacity as Receiver of Old Southwest Life Insurance Company; and
(5) George Dale, Commissioner of Insurance for the State of Mississippi, in his capacity as Liquidator of Family Guaranty Life Insurance Company, Franklin Protective Life Insurance Company, and First National Life Insurance Company of America.

agree to the compromise settlement of the above-styled seizure upon the terms and conditions set forth below:

1.    The RECEIVER-CLAIMANTS agree to the forfeiture of the net proceeds from the interlocutory sale of the 50 Cases of Wine,[2] to be disposed of according to the agreement of the parties.

2.    Pursuant to the RECEIVER-CLAIMANTS' Petition for Remission which was granted by the Department of Justice on April 18, 2007, upon the entry of a Decree of Forfeiture, the UNITED STATES agrees to distribute to the RECEIVER-CLAIMANTS the following pro rata shares of the net proceeds from the interlocutory sale of the 50 cases of wine, less costs, as follows:

| Claimant/Petitioner | Pro Rata Share of Net Proceeds |
| --- | ---: |
| Franklin Protective Life Insurance Company | 4.10% |
| Family Guaranty Life Insurance Company | 6.99% |
| Farmers and Ranchers Life Insurance Company | 2.30% |
| First National Life Insurance Company of America | 54.78% |
| Franklin American Life Insurance Company | 8.00% |
| Old Southwest Life Insurance Company | 1.75% |
| International Financial Services Life Insurance Company | 22.08% |

3.    By separate motion, the RECEIVER-CLAIMANTS will seek an Order from the Court directing the Department of Treasury to remit to the RECEIVER-CLAIMANTS (according to the above pro rata shares) the accrued interest on the assets seized by the Internal Revenue

---

[2]The gross sale proceeds from interlocutory sale of the wine total $24,600.00.

Service Criminal Investigation. The UNITED STATES agrees it will not to delay disbursement of the RECEIVER-CLAIMANTS' pro rata shares of the assets subject to forfeiture held by Internal Revenue Service Criminal Investigation, notwithstanding any opposition by the Internal Revenue Service Criminal Investigation to entry of an Order directing payment of the accrued interest. Notwithstanding the provisions of Paragraph Four herein, the timing of any distribution of accrued interest on the net proceeds held by the Internal Revenue Service Criminal Investigation shall be governed by the order of the Court addressing the RECEIVER-CLAIMANTS' separate motion.

4. The RECEIVER-CLAIMANTS reserve the right to move to reopen the Decree of Forfeiture, re-file their motions for summary judgment, and assert any and all claims, objections and defenses available in law or in equity, in the event that the UNITED STATES fails to distribute the assets to the RECEIVER-CLAIMANTS within sixty (60) days from the date of the entry of a Decree of Forfeiture. The parties further stipulate and agree that this Court shall retain jurisdiction over the assets that are the subject of this proceeding, including the motion described in Paragraph Three herein, for purposes of enforcing the terms of this Stipulation and/or ruling on the above-described motion until the time such assets are distributed.

5. Subject to the Court entering a Decree of Forfeiture and their receipt of the net proceeds and interest thereon in accordance with Paragraph Two of this Stipulation (and any order entered pursuant to Paragraph Three herein), the RECEIVER-CLAIMANTS further agree that neither they nor any current or future officers, agents, representatives, subrogees, assigns, heirs, or successors of RECEIVER-CLAIMANTS, shall appear in or pursue any action or proceeding at law or in equity to contest the forfeiture of the above-described assets to the

UNITED STATES as provided in Paragraph One above, except as provided in Paragraphs Three and Four above.  The RECEIVER-CLAIMANTS further consent to the entry of a Decree of Forfeiture with respect to the above-described assets filed hereafter, to effectuate the terms of this Stipulation.

6. Subject to satisfaction of the foregoing conditions, and subject to the provisions of Paragraph Three and Four, the RECEIVER-CLAIMANTS hereby release and forever discharge the United States of America, and the Internal Revenue Service Criminal Investigation, their officers, agents, servants, and employees, their heirs, successors, or assigns, from any and all actions, causes of action, suits, proceedings, debts, dues, contracts, judgments, damages, claims, and/or demands whatsoever in law or equity which RECEIVER-CLAIMANTS, their heirs, successors, or assigns ever had, now have, or may have in the future with respect to the seizure, detention, and forfeiture by the Internal Revenue Service Criminal Investigation of the above-described assets.

7. This Stipulation for Compromise Settlement shall not constitute an admission of liability or fault on the part of the UNITED STATES, its officers, agents, servants, or employees, or on the part of the RECEIVER-CLAIMANTS, their officers, agents, servants, or employees, and is entered into by all parties for the purpose of compromising disputed claims and avoiding the expenses and risks of litigation.

8. The UNITED STATES and the RECEIVER-CLAIMANTS agree to bear their own attorneys' fees, and to execute and/or consent to, any additional documents necessary to implement the terms of this stipulation.

9. The UNITED STATES and the RECEIVER-CLAIMANTS agree that the claims of the victim insurance companies are hereby dismissed without prejudice, subject to distribution of the funds to the RECEIVER-CLAIMANTS in accordance with Paragraphs Two and Three herein, after which such dismissal shall be with prejudice.

        PLAINTIFF,
        UNITED STATES OF AMERICA

        KEVIN J. O'CONNOR
        UNITED STATES ATTORNEY

_____

DATE        JULIE G. TURBERT
        ASSISTANT U.S. ATTORNEY
        ATTORNEY BAR # ct23398
        157 CHURCH STREET
        NEW HAVEN, CT 06510
        TEL. (203) 821-3700
        FAX (203) 773-5373
        Email: Julie.Turbert@usdoj.gov

| | |
|---|---|
| _____ <br> DATE | _____ <br> DOUGLAS J. SCHMIDT, ESQ. <br> TERRANCE M. SUMMERS, ESQ. <br> BLACKWELL SANDERS PEPER <br> MARTIN, LLP <br> 4801 MAIN STREET, SUITE 1000 <br> KANSAS CITY, MISSOURI 64112 <br> TEL. (816) 983-8000 |
| _____ <br> DATE | _____ <br> DOUGLAS S. SKALKA, ESQ. <br> NEUBERT, PEPE & MONTEITH, P.C. <br> 195 CHURCH STREET, 13TH FLOOR <br> NEW HAVEN, CT 06510-2026 <br> TEL. (203) 821-2000 <br> FEDERAL BAR # ct00616 |

COUNSEL FOR DOUGLAS M. OMMEN
Director of the Department
Of Insurance for the State
Of Missouri, in his Official
Capacity as Receiver of
INTERNATIONAL FINANCIAL
SERVICES LIFE INSURANCE
COMPANY

| | |
|---|---|
| _____<br>DATE | _____<br>CHARLES G. COPELAND, ESQ.<br>REBECCA JORDAN, ESQ.<br>COPELAND, COOK, TAYLOR &<br>BUSH, P.A.<br>P.O. BOX 6020<br>RIDGELAND, MISSISSIPPI  39158<br>(601) 856-7200<br><br>COUNSEL FOR GEORGE DALE,<br>Commissioner of Insurance for the<br>State of Mississippi, in his official capacity<br>as Receiver of FRANKLIN PROTECTIVE<br>LIFE INSURANCE COMPANY, FAMILY<br>GUARANTY LIFE INSURANCE<br>COMPANY, and FIRST NATIONAL<br>LIFE INSURANCE COMPANY OF<br>AMERICA |

| | |
|---|---|
| _____<br>DATE | _____<br>WILLIAM WARREN GIBSON, ESQ.<br>ANDREW B. CAMPBELL, ESQ.<br>GRAHAM MATHERNE, ESQ.<br>WYATT, TARRANT & COMBS, LLP<br>2525 WEST END AVENUE, SUITE 1500<br>NASHVILLE, TENNESSEE 37203-1423<br>TEL. (615) 244-0020<br><br>COUNSEL FOR LESLIE A. NEWMAN, Commissioner of Commerce and Insurance for the State of Tennessee, in her official capacity as Receiver of FRANKLIN AMERICAN LIFE INSURANCE COMPANY |

|  |  |
|---|---|
| _____ | _____ |
| DATE | SUSAN B. LOVING, ESQ. |
|  | LESTER, LOVING AND DAVIES |
|  | 1701 SOUTH KELLY |
|  | EDMOND, OKLAHOMA 73013 |
|  | TEL. (405) 844-9900 |

COUNSEL FOR KIM HOLLAND, Insurance Commissioner for the State of Oklahoma, in her official capacity as Receiver of FARMERS AND RANCHERS LIFE INSURANCE COMPANY

| | |
|---|---|
| _____<br>DATE | _____<br>STEVE A. UHRYNOWYCZ, ESQ.<br>ARKANSAS INSURANCE DEPT.<br>LIQUIDATION DIVISION<br>1023 W. CAPITOL AVENUE, SUITE 2<br>LITTLE ROCK, ARKANSAS 772201-1904<br><br>COUNSEL FOR JULIE BENAFIELD,<br>Insurance Commissioner for the State of<br>Arkansas, in her official capacity as<br>Receiver of OLD SOUTHWEST LIFE<br>INSURANCE COMPANY |

CERTIFICATE OF SERVICE

This is to certify that a copy of the within and foregoing Stipulation Between the United States and the Receiver-Claimants has been mailed, postage prepaid, this 21st day of June, 2007, to:

Susan B. Loving, Esq.
Lester, Loving & Davies
1701 South Kelly
Edmond, OK 73013-3018

Douglas J. Schmidt, Esq.
Tessa K. Jacob, Esq.
Terrance Summers, Esq.
Blackwell Sanders Peper Martin
4801 Main Street, Suite 1000
Kansas City, MO 64112

Andrew B. Campbell, Esq.
Wyatt, Tarrant & Combs
2525 West End Avenue, Suite 1500
Nashville, TN 37203

Douglas S. Skalka, Esq.
Neubert, Pepe & Monteith
195 Church Street, 13th Floor
New Haven, CT 06510-2026

Charles G. Copeland, Esq.
Copeland, Cook, Taylor & Bush
200 Coucourse
1062 Highland Colony Parkway
Ridgeland, MS 39157

Steve A. Uhrynowycz, Esq.
1200 West Third Street, Room 340
Little Rock, Arkansas 72201-1904

_____
JULIE G. TURBERT
ASSISTANT U.S. ATTORNEY