UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil No. 3:00CV2008 (EBB) |
| | : | |
| 50 CASES OF WINE CONSISTING OF | : | |
| 574 BOTTLES VALUED AT | : | |
| APPROXIMATELY $52,947.00, SEIZED | : | |
| FROM MORGAN MANHATTAN | : | |
| STORAGE COMPANY, 2100 HUNTER'S | : | |
| POINT AVENUE, LONG ISLAND CITY, | : | |
| NEW YORK, HELD IN THE NAMES OF | : | |
| KAETHE SCHUCHTER/ALFREDO | : | August 8, 2007 |
| SAUSTI, | : | |
| Defendant. | : | |

MEMORANDUM IN SUPPORT OF
<u>MOTION FOR DECREE OF FORFEITURE</u>

The Plaintiff, United States of America, hereby submits this memorandum in support of its Motion for Decree of Forfeiture, which motion has been filed pursuant to Rule 55 of the Federal Rules of Civil Procedure, and Rule G(5) of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims.

On December 30, 1999, a Verified Complaint of Forfeiture was filed for the forfeiture of 50 cases of wine consisting of 574 bottles valued at approximately $52,947.00, seized from Morgan Manhattan Storage Company, 2100 Hunter's Point Avenue, Long Island City, New York, held in the names of Kaethe Schuchter/Alfredo Sausti (Defendant Wine), was filed on behalf of the plaintiff, United States of America.  The Complaint alleges that the Defendant Wine was derived from proceeds traceable to an offense constituting "specified unlawful activity" in

violation of 18 U.S.C. §§ 1341 and 1343, and is therefore subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

All known potential claimants believed to have an interest in the Defendant Cases of Wine have been notified of this action. The Plaintiff, United States of America, has resolved the claims of the various claimants by agreement, or by default where no claims or answers were filed. The full procedural history is set forth in the proposed Decree of Forfeiture submitted herewith.

The claims of the remaining seven (7) victim insurance companies,[1] which were defrauded by Martin Frankel, were recently resolved by Stipulation. The United States and the Receiver-Claimants, who represent the seven (7) insurance companies, entered into a Stipulation on June 21, 2007. Pursuant to the Stipulation, the Receiver-Claimants agreed to the forfeiture of the Defendant Wine, and the United States agreed to distribute to the Receiver-Claimants the net proceeds of the assets in this case, less costs, pursuant to the agreed upon pro rata distribution as set forth in the Stipulation.

The Defendant Wine was sold a public auction by the Internal Revenue Service Criminal Investigation pursuant to an Order for Interlocutory Sale, dated September 14, 2004. The proceeds from the interlocutory sale were deposited into the Treasury Department's Seized Asset Suspense Account, which is an interest bearing account where the funds have accrued and

---

[1] The seven (7) insurance companies and their respective pro rata shares are as follows: (1) Franklin Protective Life Insurance Company (4.10%), (2) Family Guaranty Life Insurance Company (6.99%), (3) Farmers and Ranchers Life Insurance Company (2.30%), (4) First National Life Insurance Company of America (54.78%), (5) Franklin American Life Insurance Company (8.00%), (6) Old Southwest Life Insurance Company (1.75%), and (7) International Financial Services Life Insurance Company (22.08%).

continue to accrue interest. In the Stipulation between the United States and the Receiver-Claimants, the parties have stipulated that the Receiver-Claimants shall file a separate motion to the Court requesting the payment of accrued interest on the assets seized and held by the Internal Revenue Service Criminal Investigation on the same pro rata basis set forth in the Stipulation.

This Stipulation is based upon the Petition for Remission or Mitigation of Forfeiture filed by the Receiver-Claimants, and which was granted by the Department of Justice pursuant to its regulations. See Regulations Governing the Remission or Mitigation of Civil and Criminal Forfeiture, 28 C.F.R. §§ 9.1-9.9. The Petition for Remission or Mitigation of Civil and Criminal Forfeiture procedures authorize the United States Attorney General to transfer or restore forfeited property to victims of fraud once the property is ordered forfeited to the United States. Here, the Attorney General has authorized the transfer of these assets to the victim Receiver-Claimants upon entry of decree of forfeiture.

The Receiver-Claimants concur with the relief sought by this motion and are in agreement with the language of the proposed Decree of Forfeiture. In that all the claims filed in this case have been resolved, except the issue of distribution of interest accrued on assets seized by the Internal Revenue Service Criminal Investigation, the United States respectfully requests that its Motion for Decree of Forfeiture be granted so that the net proceeds from the interlocutory

sale of the Defendant in this case may be returned to the victims pursuant to the granted Petition for Remission. A proposed Decree of Forfeiture is submitted herewith.

                                          Respectfully submitted,

                                          PLAINTIFF,
                                          UNITED STATES OF AMERICA

                                          KEVIN J. O'CONNOR
                                          UNITED STATES ATTORNEY

_____

                                          JULIE G. TURBERT
                                          ASSISTANT U.S. ATTORNEY
                                          ATTORNEY BAR # ct23398
                                          157 CHURCH STREET
                                          NEW HAVEN, CT 06510
                                          TEL. (203) 821-3700
                                          FAX (203) 773-5373
                                          Email: Julie.Turbert@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

This is to certify that a copy of the within and foregoing Memorandum in Support of Motion for Decree of Forfeiture has been sent via electronic mail, on this 8th day of August, 2007, to:

Susan B. Loving, Esq.
Lester, Loving & Davies
1701 South Kelly
Edmond, Oklahoma 73013-3018
email: sloving@lldlaw.com

Douglas J. Schmidt, Esq.
Terrance Summers, Esq.
Blackwell Sanders Peper Martin
4801 Main Street, Suite 1000
Kansas City, Missouri  64112
email: dschmidt@blackwellsanders.com
email: tsummers@blackwellsanders.com

Andrew B. Campbell, Esq.
Wyatt, Tarrant & Combs
2525 West End Avenue, Suite 1500
Nashville, Tennessee  37203
email: acampbell@wyattfirm.com

Douglas S. Skalka, Esq.
Neubert, Pepe & Monteith
195 Church Street, 13th Floor
New Haven, Connecticut 06510
email: dskalka@npmlaw.com

Charles G. Copeland, Esq.
Janet G. Arnold, Esq.
Copeland, Cook, Taylor & Bush
1062 Highland Colony Parkway
P.O. Box 6020
Ridgeland, Mississippi  39157
email: gcopeland@cctb.com
email: Jarnold@cctb.com

and by first class mail to:

Steve A. Uhrynowycz, Esq.
1200 West Third Street, Room 340
Little Rock, Arkansas 72201-1904

---
JULIE G. TURBERT
ASSISTANT U.S. ATTORNEY