UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil No. 3:00CV2008 (EBB) |
| | : | |
| 50 CASES OF WINE CONSISTING OF 574 BOTTLES VALUED AT APPROXIMATELY $52,947.00, SEIZED FROM MORGAN MANHATTAN STORAGE COMPANY, 2100 HUNTER'S POINT AVENUE, LONG ISLAND CITY, NEW YORK, HELD IN THE NAMES OF KAETHE SCHUCHTER/ALFREDO SAUSTI, | : : : : : : : : : | |
| Defendant. | : | |

DECREE OF FORFEITURE

On December 30, 1999, a Verified Complaint of Forfeiture was filed for the forfeiture of 50 cases of wine consisting of 574 bottles valued at approximately $52,947.00, seized from Morgan Manhattan Storage Company, 2100 Hunter's Point Avenue, Long Island City, New York, held in the names of Kaethe Schuchter/Alfredo Sausti (Defendant Wine), was filed on behalf of the plaintiff, United States of America.  The Complaint alleges that the Defendant Wine was derived from proceeds traceable to an offense constituting "specified unlawful activity" in violation of 18 U.S.C. §§ 1341 and 1343, and is therefore subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

It appearing that process was fully issued in this action and returned according to law, the Court finds as follows:

ARREST, NOTICE AND SERVICE OF PROCESS

That pursuant to a Warrant of Arrest In Rem issued by this Court on October 18, 2000, the Internal Revenue Service Criminal Investigation for the District of Connecticut seized the Defendant Wine on October 30, 2000;

That on November 1, 8 and 15, 2000, notice of this action was published in The New York Post newspaper;[1]

That on November 20, 2000, Robert A. Horne, Esq., attorney for Fausto Fausti, a/k/a Alfredo Sausti, waived personal service of the Verified Complaint of Forfeiture and Warrant of Arrest In Rem;

That on December 7, 2000, Richard Leon, Esq., attorney for Kaethe Schuchter, waived personal service of the Verified Complaint of Forfeiture and Warrant of Arrest In Rem;

CLAIMS AND ANSWERS

That on November 6, 2000, Carroll Fisher, Insurance Commissioner and Receiver for Farmers & Ranchers Life Insurance Company, filed a Claim, and on November 16, 2000, filed an Answer and Affirmative Defenses to the Verified Complaint of Forfeiture, and Counterclaim against the United States;

That on November 8, 2000, Mike Pickens, Receiver of Old Southwest Life Insurance, filed a Claim, and on November 28, 2000, filed an Answer and Defenses to the Verified Complaint of Forfeiture;

---

[1]The United States Attorney's costs for advertising notice of this forfeiture action total $1,950.00.

That on November 8, 2000, Anne B. Pope, Commissioner and Receiver of Franklin American Life Insurance Company, filed a Claim, and on November 27, 2000, filed an Answer and Affirmative Defenses to the Verified Complaint of Forfeiture, and Counterclaim against the United States of America;

That on November 8, 2000, 2000, Keith Wenzel, Director of the Mississippi Department of Insurance in Statutory Capacity as Liquidator of International Financial Services Life Insurance, filed a Claim, and on November 27, 2000, filed an Answer and Affirmative Defenses to the Verified Complaint of Forfeiture, and Counterclaim against the United States;

That on November 8, 2000, George Dale, Mississippi Commissioner of Insurance, filed a Claim, and on November 27, 2000, filed an Answer and Affirmative Defenses to the Verified Complaint of Forfeiture, and Counterclaim against the United States;

## INTERLOCUTORY SALE

That on September 14, 2003, the Court granted the United States of America's Motion for Interlocutory Sale of the Defendant Wine, and said Wine was sold by the Internal Revenue Service Criminal Investigation pursuant to the Order for Interlocutory Sale, on July 31, 2001;[2]

## DEFAULTS

That on June 2, 2003, Kaethe Schuchter was defaulted for failure to file a claim or answer or otherwise defend as provided for in Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure;

That on September 13, 2003, a default judgment was entered against Kaethe Schuchter, pursuant to Rule 55(b) of the Federal Rules of Civil Procedure;

---

[2]The Defendant Wine sold for $24,600.00.

That on August 16, 2004, Fausto Fausti, a/k/a Alfredo Sausti, was defaulted for failure to file a claim or answer or otherwise defend as provided for in Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure;

That on September 15, 2004, a default judgment was entered against Fausto Fausti, a/k/a Alfredo Sausti, pursuant to Rule 55(b) of the Federal Rules of Civil Procedure;

STIPULATION BETWEEN THE UNITED STATES
AND RECEIVER-CLAIMANTS

That on June 21, 2007, the United States and the Receiver-Claimants entered into a Stipulation whereby the parties agreed that upon the Department of Justice's granting of the Receiver-Claimants' Petition for Remission pursuant to the Regulations Governing the Remission or Mitigation of Civil and Criminal Forfeiture, 28 C.F.R. §§ 9.1-9.9, the United States shall distribute to the Receiver-Claimants the following pro rata shares of the net proceeds of the above-referenced assets, less allowable costs, as follows:

| Claimant/Petitioner | Pro Rata Share of Net Proceeds |
|---|---:|
| Franklin Protective Life Insurance Company | 4.10% |
| Family Guaranty Life Insurance Company | 6.99% |
| Farmers and Ranchers Life Insurance Company | 2.30% |
| First National Life Insurance Company of America | 54.78% |
| Franklin American Life Insurance Company | 8.00% |
| Old Southwest Life Insurance Company | 1.75% |
| International Financial Services Life Insurance Company | 22.08% |

That payment of the accrued interest on the assets seized by the Internal Revenue Service Criminal Investigation shall be governed by a separate order of this Court addressing the Receiver-Claimants' motion for payment of accrued interest;

Now, therefore, on motion of the Plaintiff, United States of America, for a Decree of Forfeiture, it is hereby

ORDERED, ADJUDGED AND DECREED that the default as to all persons having any right, title or interest in the sale proceeds from the court-ordered interlocutory sale of the Defendant Wine, as the substitute res, under seizure in this action be and is hereby entered herein;

ORDERED, ADJUDGED AND DECREED that the sale proceeds from the court-ordered interlocutory sale of the Defendant Wine, as the substitute res, be forfeited to the United States of America and disposed of according to in accordance with the Stipulation filed on June 21, 2007, between the United States and the Receiver-Claimants; and it is further

ORDERED, ADJUDGED AND DECREED that the Court determines that there is no just reason for delay and it directs the Clerk to enter judgment based upon this Decree of Forfeiture as a final judgment for appeal purposes.

Dated at New Haven, Connecticut, this _____ day of August, 2007.

_____
HONORABLE ELLEN BREE BURNS
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

This is to certify that a copy of the within and foregoing proposed Decree of Forfeiture has been sent via electronic mail, on this 8th day of August, 2007, to:

Susan B. Loving, Esq.
Lester, Loving & Davies
1701 South Kelly
Edmond, Oklahoma 73013-3018
email: sloving@lldlaw.com

Douglas J. Schmidt, Esq.
Terrance Summers, Esq.
Blackwell Sanders Peper Martin
4801 Main Street, Suite 1000
Kansas City, Missouri 64112
email: dschmidt@blackwellsanders.com
email: tsummers@blackwellsanders.com

Andrew B. Campbell, Esq.
Wyatt, Tarrant & Combs
2525 West End Avenue, Suite 1500
Nashville, Tennessee 37203
email: acampbell@wyattfirm.com

Douglas S. Skalka, Esq.
Neubert, Pepe & Monteith
195 Church Street, 13th Floor
New Haven, Connecticut 06510
email: dskalka@npmlaw.com

Charles G. Copeland, Esq.
Janet G. Arnold, Esq.
Copeland, Cook, Taylor & Bush
1062 Highland Colony Parkway
P.O. Box 6020
Ridgeland, Mississippi 39157
email: gcopeland@cctb.com
email: Jarnold@cctb.com

and by first class mail to:

Steve A. Uhrynowycz, Esq.
1200 West Third Street, Room 340
Little Rock, Arkansas 72201-1904

_____
JULIE G. TURBERT
ASSISTANT U.S. ATTORNEY